Clark Law and Associates, LLC
**Barry Fifth-Lince,** OSB No. 182935
**Brian Ruff,** OSB No. 980975
**Jennie Clark**, OSB No. 000319
E-mail: barry@clarklawportland.com
brian@clarklawportland.com
jennie@clarklawportland.com
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ESTATE OF JAMES MARSHALL, and SARA MARSHALL, in her personal capacity and as personal representative of the Estate of James Marshall**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF FOREST GROVE, STEVEN TEETS, KOLE McGANN, and MATTHEW DORICK**.<br><br>Defendants. | Civil No.:<br><br>**COMPLAINT**<br><br>Civil Rights Action (42 U.S.C. § 1983); Wrongful Death, Battery, and Assault<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Sara Marshall, individually and as personal representative of the Estate of James Marshall, and the Estate of James Marshall, through Clark Law & Associates, LLC, complains of City of Forest Grove, Steven Teets, Kole McGann, and Matthew Dorick.

## 2.  VENUE

Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C.§ 1391(b). The acts and practices alleged herein occurred in Washington County, Oregon. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). The court has supplemental jurisdiction over the State tort claims pursuant to 28 U.S. Code § 1367(a).

Page 1- **COMPLAINT**

**Clark Law & Associates, LLC**
**6501 SW Macadam Ave. Suite E**
**Portland, OR   97239**
**(503) 238-1010**
**(503) 238-1212 (facsimile)**

### 3. PARTIES

James Marshall, the decedent, was a 44-year-old man who was 5'6" and weighed 170 lbs. He was a resident of Forest Grove, Washington County, Oregon.

**4**.

Sara Marshall of Forest Grove, Plaintiff, is the decedent's widow, and the estate's personal representative.

**5.**

Defendant, City of Forest Grove (hereinafter, "Forest Grove") is a political subdivision of the State of Oregon with the capacity to sue and be sued. The City runs the Forest Grove Police Department (FGPD). Forest Grove is a duly organized municipal corporation under Oregon law. Public bodies liable for the tortuous conduct of its agents and employees pursuant to ORS 30.260(4) and 30.265(1).

**6.**

Defendant, Steven Teets, hereinafter Officer Teets, of the FGPD the officer-in-charge (OIC) of the shift the night of October 7, 2020. Unit number 4223, DPSST number 51335 and was at the scene of the incident described herein.

**7.**

Defendant, Kole McGann, hereinafter Officer McGann, Forest Grove Police Officer, Unit number 4332, DPSST number 60067 was at the scene of the incident described herein.

**8**.

Defendant, Matthew Dorick, hereinafter Officer Dorick, Forest Grove Police Officer Unit number 4339, OPSST 51962 was at the scene of the incident described herein.

**9.**

Officer Eric Shafer, hereinafter Officer Shafer, Unit number 4233, DPSST number 54450 was at the scene of the incident described herein.

**10.**

Police Chief Janie Schutz, who led the Forest Grove Police department from 2012-2020.

Page 2- **COMPLAINT**

**Clark Law & Associates, LLC**
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)

## 11.  PRELIMINARY FACTS

Forest Grove has a custom and/or practice of allowing Forest Grove Police Officers to commit egregious acts outside of the scope their authority without disciplining them and/or terminating them. This began years prior to the incident that gave rise to this Complaint.

## 12. FACTS

All events referred to below occurred during the late-night hours of October 7, 2020 and the early morning hours of October 8, 2020, as well as on October 9, 2020, in Forest Grove, Oregon.

## 13.

During the late-night hours of October 7, 2020 Mr. Marshall leaves his home for a walk carrying a flagpole from his front yard. Mr. Marshall makes his way to St. Anthony of Padua Catholic Church (1660 Elm St, Forest Grove, OR 97116.)

## 14.

At approximately 11:58pm on October 7, 2020, in response to a welfare check, Officer McGann arrives at St. Anthony of Padua Catholic Church.

## 15.

Mr. Marshall is waving his American flag while experiencing what appears to be a mental episode but not committing a crime.

## 16.

At approximately 12:00am, Officer Teets, and Officer Dorick arrive at St. Anthony of Padua Catholic Church. While maintaining a distance of 15-20 feet, all three Officers begin talking with Mr. Marshall. Mr. Marshall initially remains calm, although his answers are somewhat incoherent.

## 17.

Officer Teets slowly moves closer to Mr. Marshall as he continues waving his flag.

Page 3- **COMPLAINT**

**Clark Law & Associates, LLC**
**6501 SW Macadam Ave. Suite E**
**Portland, OR   97239**
**(503) 238-1010**
**(503) 238-1212 (facsimile)**

**18**.

At approximately 12:02am Officer Teets threatens to tase Mr. Marshall. He states, "you're going to get tased buddy, clam down calm down," and moves within approximately six feet of Mr. Marshall.

**19**.

At approximately 12:05am, Mr. Marshall begins to knock on one of the church's doors, with his foot, and then with the flagpole risking damage to the church but causing no actual damage. None of the Officers inform Mr. Marshall that he is being detained.

**20**.

At approximately 12:06am, Officer Teets, Officer McGann, and Officer Dorick charge Mr. Marshall.

**21**.

As he closes in on Mr. Marshall, Officer Teets fires his taser striking Mr. Marshall.

**22**.

Officer Teets, Officer McGann, and Officer Dorick tackle and pin Mr. Marshall to the pavement, with the weight of the three Officers on top of Mr. Marshall.

**23**.

Officer Teets positions his knees between Mr. Marshall's shoulder blades, pinning Mr. Marshall to the ground face first, restricting Mr. Marshall's airways. Officer McGann positions himself on Mr. Marshall's left lower back. Officer Dorick pins Mr. Marshall's right thigh. The Officers remain in these positions for almost two minutes.

**24**.

Officer Teets handcuffs one of Mr. Marshall's wrists. However, Mr. Marshall's other wrist is pinned beneath his body, with the weight of three Officers on top of him.

Page 4- **COMPLAINT**

Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)

25.

Simultaneously, Mr. Marshall is exclaiming "help, help, I can't breathe, I can't breathe," while laboring to breath.

26.

At this point, Officer Teets threatens to tase Mr. Marshall if he does not give them his other wrist, which is pinned beneath him. Mr. Marshall does not resist. It is nearly impossible for him to obey Officer Teets's command to move his hand from under his body with three Officers' weight on top of him.

27.

Officer McGann continues to pin Mr. Marshall's back with his hands, in anticipation of the tase.

28.

Officer Teets re-positions himself so that his left knee is on Mr. Marshall right buttock, and his right knee is on the back of Mr. Marshall's neck, severely restricting Mr. Marshall's airways, before tasing again. Mr. Marshall's wrist is still trapped under his body due to the weight Officer Dorick, Officer McGann, and Officer Teets. Mr. Marshall labors to breath and groans in pain while being tased. Mr. Marshall does not and cannot resist due to the weight of the Officers.

29.

Officer McGann repositions his knees on to Mr. Marshall's lower back and left buttock, remaining in that position for almost two and a half minutes. He and Officer Teets are finally able to handcuff Mr. Marshall's previously pinned wrist after they remove their weight from Mr. Marshall's body.

30.

At approximately 12:09am, Officer Schafer arrives on scene.

Page 5- **COMPLAINT**

**Clark Law & Associates, LLC**
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)

**31.**

Officer Teets knee remains on the back of Mr. Marshall's neck and Officer McGann's knees remain on his back for approximately three minutes while Mr. Marshall pleads for help unable to resist due to the weight of the Officers.

**32.**

Simultaneously, Officer Schafer pins Mr. Marshal's left leg while Officer Dorick struggles to put "hobblers" on Mr. Marshall's feet. At this point, Mr. Marshall is not moving.

**33.**

At approximately 12:11am the Officers turn Mr. Marshall over and he is motionless and not breathing. Contusions can be seen on Mr. Marshall's forehead. Officer Schaffer begins life-saving measures.

**34.**

At approximately 12:15am, emergency medical technicians (EMT) arrive on scene and continue life-saving measures.

**35.**

At approximately 12:55 am, Mr. Marshal arrives at the Tuality Forest Grove Hospital, where he remains in a vegetative state until his death on October 9, 2020, at 8:00 pm, approximately 36 hours after his encounter with the Officers.

**36. TORT CLAIM NOTICE**

Timely Tort Claim Notice under ORS 30.275, for Plaintiffs was submitted to Forest Grove on October 28, 2020, by Barry Fifth-Lince of Clark Law and Associates.  On November 18, 2020, Ms. Gail Fischer of CityCounty Insurance, on behalf of Forest Grove, acknowledged this tort claim notice.

Page 6- **COMPLAINT**

**Clark Law & Associates, LLC**
**6501 SW Macadam Ave. Suite E**
**Portland, OR   97239**
**(503) 238-1010**
**(503) 238-1212 (facsimile)**

**37**.

**1st CAUSE OF ACTION: EXCESSIVE USE OF FORCE**

**(FEDERAL- FOURTH AMENDMENT; 42 U.S. CODE § 1983)**

**Officer Steven Teets;  Officer Matthew Dorick; Officer Kole McGann**

Plaintiff re-alleges and incorporates paragraphs 11 – 36.

**38.**

The collective force used by Defendant Officers was excessive and not reasonable when:

- Officer Teets, Officer Dorick, Officer McGann charged and tackled Mr. Marshall, causing contusions on his forehead.

- Officer Teets discharged his taser striking Mr. Marshall, prior to tackling Mr. Marshall.

- Officer Teets positioned his knees between Mr. Marshall's shoulder blades for almost two minutes, restricting Mr. Marshall's airways.

- Officer Dorick positioned his knees on the back of Mr. Marshall's right thigh for almost two minutes.

- Officer McGann pinned Mr. Marshall to the pavement by holding Mr. Marshall's back with his hands for almost two minutes.

- Officer Teets repositioned his knees on the back of Mr. Marshall's neck and buttock for almost three minutes, severely restricting Mr. Marshall's airways.

- Officer McGann repositioned his knees on to Mr. Marshall's lower back and left buttock for almost three minutes.

- Officer Teets tased Mr. Marshall for a second time, while Mr. Marshall was laying on the pavement, pinned by all three Defendant Officers.

- Collectively the officers used excessive lethal force causing Mr. Marshall's death.

**39.**

Page 7- **COMPLAINT**

**Clark Law & Associates, LLC**
**6501 SW Macadam Ave. Suite E**
**Portland, OR   97239**
**(503) 238-1010**
**(503) 238-1212 (facsimile)**

## 2nd CAUSE OF ACTION: LOCAL GOVERNING BODY'S FAILURE TO SUPERVISE FINAL POLICYMAKER

**(MONELL V. DEPARTMENT OF SOCIAL SERVICES, 436 U.S. 658; 42 U.S. CODE § 1983)**

Plaintiff re-alleges and incorporates paragraphs 11 – 36.

**40.**

The depravations of constitutional rights as set forth herein were caused by the City of Forest Grove in the following manner.

A. By failing to train the Officer in Charge (final policy maker) in de-escalation tactics or by not training the Officer in charge to recognize someone with mental health issues and contact a trained person to assist with de-escalation of someone suffering a mental health episode, such as the Washington County Mental Health Response Team.

B. In allowing Defendant Teets in his role as "Officer in Charge," a final policymaker, to demonstrate that the use of lethal force was acceptable even when it was objectively unreasonable.

C. By failing to train the Officer in Charge to detain and/or arrest someone in a safe manner using reasonable force that does not cause death.

**41.**

## 3rd CAUSE OF ACTION: LOCAL GOVERNING BODY'S FAILURE TO TRAIN OR DISCIPLINE; BASED ON UNLAWFUL PERVASIVE OR CUSTOM OR PRACTICE

**(*MONELL V. DEPARTMENT OF SOCIAL SERVICES, 436 U.S. 658*; 42 U.S. CODE § 1983)**

Plaintiff re-alleges and incorporates paragraphs 11-36.

**42.**

The depravations of constitutional rights as set forth above, were caused by the City of Forest Grove in the following manner.

Page 8- **COMPLAINT**

Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)

A. In having a practice and/or custom of permitting misconduct by officers of the Forest Grove Police department to go undisciplined, fostering a culture within the Forest Grove Police Department that encouraged officers to increasingly act extrajudicially and with impunity.

B. In failing to properly train Defendants Officer Teets, Officer McGann, and Officer Dorick in de-escalation tactics when an individual is having a mental health crisis and/or to summon the Washington County Mental Health Unit, which has experts in de-escalation for those having a mental health crisis.

C. In failing to properly train Defendants Officer Teets, Officer McGann, and Officer Dorick in the reasonable use of force when detaining a person of interest.

### 43.

### 4th CAUSE OF ACTION: ASSAULT (STATE)

**Officer Steven Teets; Officer Matthew Dorick; Officer Kole McGann**

Plaintiff re-alleges and incorporates paragraphs 11-36.

### 44.

Defendant Officer Steven Teets intentionally caused Mr. Marshall to fear immediate harmful offensive contact when he charged at him with the intention of making offensive or harmful contact. The incidents described in this Paragraph occurred simultaneously as the ones described in Paragraph 45, and 46.

### 45.

Defendant Officer Matthew Dorick intentionally caused Mr. Marshall to fear immediate harmful offensive contact when he charged at him with the intention of making offensive or harmful contact. The incidents described in this Paragraph occurred simultaneously as the ones described in Paragraph 44, 46.

### 46.

Defendant Officer Kole McGann intentionally caused Mr. Marshall to fear immediate harmful offensive contact when he charged at him with the intention of making offensive or harmful contact. The incidents described in this Paragraph occurred simultaneously as the ones described in Paragraph 44, and 45.

Page 9- **COMPLAINT**

Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR    97239
(503) 238-1010
(503) 238-1212 (facsimile)

**47.**

Officer Teets also caused Mr. Marshall to fear immediate harmful offensive contact when he threatened to tase Mr. Marshall because he could not move his hand to be handcuffed with three officers bearing their weight on him.

**48.**

**7th CAUSE OF ACTION: BATTERY (STATE)**

**Officer Steven Teets; Officer Matthew Dorick; Officer Kole McGann**

Plaintiff re-alleges and incorporates paragraphs 11-36.

**49.**

Defendant Officer Steven Teets intended and caused harmful physical contact with Mr. Marshall when he discharged his taser striking Mr. Marshall, prior to tackling him. When he charged and tackled Mr. Marshall, causing contusions on his forehead, when he positioned his knees between Mr. Marshall's shoulder blades for almost two minutes, restricting Mr. Marshall's airways, when he positioned his knees on the back of Mr. Marshall's neck and buttock for almost three minutes, severely restricting Mr. Marshall's airways, and when he tased Mr. Marshall, while kneeling on the back of his neck. The incidents described in this Paragraph occurred simultaneously as those described in Paragraph 50, and 51.

**50.**

Defendant Officer Matthew Dorick intended and caused harmful physical contact with Mr. Marshall when he charged and tackled Mr. Marshall, causing contusions on his forehead, and when he positioned his knees on the back of Mr. Marshall's right thigh for almost two minutes.  The incidents described in this Paragraph occurred simultaneously as the ones described in Paragraph 49, and 51.

**51.**

Defendant Officer Kole McGann intended and caused harmful physical contact with Mr. Marshall when he charged and tackled Mr. Marshall, causing contusions on his forehead, when he pinned Mr. Marshall to the pavement by holding Mr. Marshall's back with his hands for

Page 10- **COMPLAINT**

**Clark Law & Associates, LLC**
**6501 SW Macadam Ave. Suite E**
**Portland, OR   97239**
**(503) 238-1010**
**(503) 238-1212 (facsimile)**

almost two minutes, and when he repositioned his knees on to Mr. Marshall's lower back and left buttock, for almost three minutes. The incidents described in this Paragraph occurred simultaneously as the ones described in Paragraphs 49, and 50.

## 52. DAMAGES

### Non-Economic Damages

Under ORS 30.020, damages may be awarded in an amount which would have justly, fairly and reasonably compensate the decedent for disability, pain, and suffering…during the period between injury to the decedent and the decedent's death. Plaintiff Mr. Marshall suffered immensely after his encounter with the Defendants on October 7 and 8, 2020. After arriving at the hospital in the morning hours of October 8, he spent approximately 36 hours in a vegetative state, before he passed away at 8:00 pm on October 9, 2020. Therefore, Plaintiff Estate of James Marshal seeks an amount to not exceed $8,000,000.00 for pain and suffering.

### 53.

Under ORS 30.020, damages may be awarded in an amount which justly, fairly and reasonably compensate the decedent's family members for pecuniary loss and for loss of the society, and companionship of the decedent. James Marshall leaves behind a grieving widow, Plaintiff Sara Marshall, and a minor stepson. The loss of James Marshall's society, and companionship, as expected, has been devastating to his surviving widow, Sara Marshall. Therefore, on behalf of Plaintiff Sara Marshall, an amount of $20,000,000.00 is sought to compensate for loss of society, and companionship of James Marshall.

## 54. Economic Damages

Plaintiffs incurred $1,915 in economic damages for cremation services.

## 55. APOLOGY AND ADMISSION

Plaintiff seeks sincere public statement and/or letter of apology, recitation of actions, and admission of fault from Defendant Forest Grove. Such admission shall reflect an understanding of the harm caused, a

Page 11- **COMPLAINT**

Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)

remonstrance for this caused harm, and a statement of how such harm is to be avoided in the future. These admissions shall also contain an admission of responsibility for these harms and shall not attempt to divert fault or responsibility onto other parties. These admissions should further reflect such understandings in relation to the Plaintiffs, the surviving family, and the citizens of Forest Grove.

### 56. ATTORNEY FEES

Pursuant to 42 USC 1988, Plaintiff is entitled to recover his reasonable attorney's fees and litigation costs incurred herein.

### 57. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for Plaintiffs 'damages in the amount of $28,001,915.00. Plaintiff also seeks costs, disbursements on all causes of action and attorney's fees in relation to all Federal claims contained herein and any other relief that the Court deems just and equitable.

Signed and dated this 29th day of September 2022.

Respectfully submitted

/s/ *Barry Fifth-Lince*
Barry Fifth-Lince, OSB No. 182935
Clark Law and Associates, LLC
Of Attorneys for Plaintiff
6501 SW Macadam Ave. Suite E
Portland, OR  97239

Page 12- **COMPLAINT**

Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR   97239
(503) 238-1010
(503) 238-1212 (facsimile)