Aaron P. Hisel, OSB #161265
*aaron@montoyahisellaw.com*
Rebeca A. Plaza, OSB #053504
*rebeca@montoyahisellaw.com*
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
Telephone: (503) 480-7250
Fax: (503) 779-2716
    Attorneys for Steven Teets

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF JAMES MARSHALL, and SARA MARSHALL, in her personal capacity and as personal representative of the Estate of James Marshall, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FOREST GROVE, STEVEN TEETS, KOLE McGANN, and MATTHEW DORICK, <br><br> Defendants. | Case No. 3:22-cv-01470-YY <br><br> **DEFENDANT STEVEN TEETS' ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **(Request for Jury Trial)** |

For his Answer to Plaintiffs' Complaint, Steven Teets hereby admits, denies, and alleges as follows:

1.

In response to the unnumbered introductory paragraph on page 1 of the Complaint, and paragraph 2, these are Plaintiffs' legal theories and legal conclusions to which no response is required.

2.

In response to paragraphs 3, 4, 5, 6, 7, 8, 9, and 10, admit James Marshall was approximately 5'6"; Forest Grove is a political subdivision of the State of Oregon, which operates a police department; Steven Teets was the designated officer-in-charge on the night in question; Officers McGann, Dorick, and Shafer responded to the incident in question; and the police chief for the Forest Grove Police Department prior to January 2020 was Janie Schutz. Steven Teets is not required to respond to Plaintiffs' legal theories or legal conclusions contained in these paragraphs. Except as so admitted, deny.

3.

In response to paragraphs 11, 12, 13, 14, 15, 16, 17, 18, and 19, admit that on or about the time October 7, 2020 turned to October 8, 2020, officers were dispatched to a call of suspicious activity and/or welfare check related to James Marshall's conduct; the concerning conduct of Mr. Marshall included that he was running in the roadway with a flagpole acting erratic; that Mr. Marshall was eventually located behind St. Anthony of Padua Catholic Church; Mr. Marshall swung and made stabbing motions at officers with the approximately 10-foot flagpole he was wielding over the course of several minutes while officers attempted to calm him down; that Steven Teets made numerous efforts to deescalate the situation but Mr. Marshall became more erratic, began clearly using the flagpole as a weapon and then began to repeatedly try to destroy church property; and Mr. Marshall was informed that if he did not cease he would be tased. Except as so admitted, deny.

4.

In response to paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31, admit Mr. Marshall punched Officer Teets in the face as Officer Teets approached him; that Officers Teets,

McGann and Dorrick eventually end up in a struggle with Mr. Marshall on the ground; that Mr. Marshall obtains Officer Teets' taser and deploys it while the struggle continues on the concrete; that officers intermittently place body weight on different parts of Mr. Marshall to gain control of him, but never restrict his airway; that even after officers were able to get one of Mr. Marshall's hands in a handcuff, he continued to resist by forcibly keeping his other hand underneath his body; that Officer Teets attempted to use a drive stun technique to gain compliance from Mr. Marshall, but this was unsuccessful; that Officer Shafer arrived after the struggle began. Except as so admitted, deny.

5.

In response to paragraphs 32, 33, 34, 35, and 36, admit that Mr. Marshall continued to kick and resist with his legs throughout the attempts to gain control of him and the decision was made to use zip-tie hobble type restraints on his feet before transporting him; that as the zip-tie hobble type restraints were being put on officers noticed Mr. Marshall had suddenly become motionless; that officers all immediately began life-saving measures including CPR, application of an AED, and calling in the medics who had previously been asked to stage nearby. Steven Teets is without sufficient information to admit or deny the time of Mr. Marshall's death or the date of tort claim notice but does have a general understanding that Mr. Marshall did pass away after being taken to the hospital and that tort claim notice was provided to the City. Except as so admitted, deny.

6.

In response to paragraphs 37, 38, and 39, these paragraphs contain Plaintiffs' legal theories and legal conclusions to which no response is required. Steven Teets denies any conduct of the responding officers caused Mr. Marshall's death. To the extent any other facts are alleged requiring a response in any of these paragraphs, they are denied unless expressly admitted herein above.

7.

In response to paragraphs 40, 41, and 42, these paragraphs are Plaintiffs' legal theories and legal conclusions asserted against a different defendant to which no response is required from Steven Teets.

8.

In response to paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57, these paragraphs contain Plaintiffs' legal theories, legal conclusions and prayers for different types of relief to which no response is required. To the extent any other facts are alleged requiring a response in any of these paragraphs, they are denied unless expressly admitted herein above.

9.

**FOR A FIRST AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Failure to State a Claim)

Plaintiffs have failed to state facts sufficient to constitute a claim for one or more of the claims alleged against Steven Teets.

10.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Qualified Immunity)

Steven Teets' conduct to overcome Mr. Marshall's aggressive, illegal, and assaultive behavior did not violate any clearly established right of Plaintiffs' under the circumstances such that the Fourth Amendment claim must fail.

11.

**FOR A THIRD AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Objective Reasonable Justification / Probable Cause / Failure To Mitigate)

The conduct at issue was necessitated by Mr. Marshall's own conduct; Mr. Marshall was lawfully being detained. The conduct of Steven Teets was objectively reasonable under the circumstances, and not the cause of Mr. Marshall's death.

12.

**FOR A FOURTH AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Limitations under the Oregon Tort Claims Act)

Plaintiffs' state law claims are subject to the conditions, limitations, immunities, and restrictions of the Oregon Tort Claims Act, as set forth in ORS 30.260 *et seq*.

13.

**FOR A FIFTH AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Causation)

Neither the conduct of Steven Teets individually nor the collective conduct of the responding officers caused Mr. Marshall's death.

14.

**FOR A SIXTH AFFIRMATIVE DEFENSE**, Steven Teets alleges:

(Unreasonable Claims and Knowingly False Allegations)

Plaintiffs are fully aware that the numerous allegations of Mr. Marshall's death being caused by the responding officers restricting his airway are false. The events in question were recorded from multiple camera angles with audio that Plaintiffs and her counsel clearly had access to prior to filing the Complaint. Those videos clearly and unequivocally show Mr. Marshall's airway was not being restricted prior to him becoming unresponsive. Further, Plaintiffs and her counsel are fully aware that the cause of death for Mr. Marshall was not the result of a restricted airway and that the defendants made heroic life-saving measures once Mr. Marshall became

unresponsive. Plaintiffs and her counsel also affirmatively and maliciously allege that Steven Teets used the taser on Mr. Marshall at the beginning of the altercation with full knowledge that what actually happened was Mr. Marshall punched Steven Teets in the face after jabbing at him with a flagpole and that the taser was discharged by Mr. Marshall himself. Finally, Plaintiffs and her counsel have included a prayer for relief in the form of a "public statement and/or letter of apology" that does not "divert fault or responsibility onto other parties" on behalf of not only Mr. Marshall but also the "citizens of Forest Grove." Seeking this relief is objectively unreasonable as Plaintiffs and her counsel are fully aware that this relief is not something the Court has the authority to compel. (*See* Compl. at ¶ 55). On information and belief, these knowingly false and unreasonable accusations are being made for purposes unrelated to any good-faith pursuit of this litigation.

The pursuit of these knowingly false and objectively unreasonable claims entitles Steven Teets to a recovery of reasonable attorney fees under ORS 20.105 and 42 U.S.C § 1988.

**WHEREFORE**, having fully responded to Plaintiffs' Complaint, Steven Teets requests judgment in his favor and against plaintiffs with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988.

DATED this 29th day of December, 2022.

                                                  s/Aaron P. Hisel
                                            Aaron P. Hisel, OSB #161265
                                            Rebeca A. Plaza, OSB #053504
                                            Attorneys for Defendant Steven Teets

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFEENDANT STEVEN TEETS' ANSWER TO PLAINTIFFS' COMPLAINT on:

>Barry Fifth-Lince
>Clark Law and Associates, LLC
>6501 SW Macadam Ave., Suite E
>Portland, OR 97239
>	Attorney for Plaintiffs

by the following indicated method or methods:

☒	by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

    by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to Plaintiffs' last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 29th day of December, 2022.

                                                  s/Aaron P. Hisel
                                                Aaron P. Hisel, OSB #161265
                                                Rebeca A. Plaza, OSB #053504
                                                Attorneys for Defendant Steven Teets